UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

MANUEL ESCALERA,

      Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,

      Respondent.

No. 99-9512

ORDER
Filed August 1, 2000

Before **BRORBY**, Circuit Judge, **McWILLIAMS**, Senior Circuit Judge, and
**ELLISON**,[*] Senior District Judge.

This matter is before the court on Respondent's motion for publication of this

court's order and judgment filed on May 25, 2000. There was no objection to the motion

and it is granted. A copy of the published opinion is attached.

Entered for the Court
PATRICK FISHER, Clerk of Court

By:
    Keith Nelson
    Deputy Clerk

---

[*]Honorable James O. Ellison, Senior District Judge, United States District Court
for the Northern District of Oklahoma, sitting by designation.

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 25 2000**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MANUEL ESCALERA,

     Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,

     Respondent.

No. 99-9512

---

**PETITION FOR REVIEW OF AN ORDER OF**
**THE BOARD OF IMMIGRATION APPEALS**
**(Agency No. A74 562 236)**

---

Jim Salvator, Lafayette, Colorado, for Petitioner.

David M. McConnell, (David W. Ogden, Acting Assistant Attorney General, Laura A. Smith and Earle B. Wilson, Attorneys, on the briefs) Office of Immigration Litigation, Civil Division, Department of Justice, Washington, D.C., for Respondent.

---

Before **BRORBY**, Circuit Judge, **McWILLIAMS**, Senior Circuit Judge, and **ELLISON**,[*] Senior District Judge.

---

**McWILLIAMS**, Senior Circuit Judge.

---

[*]Honorable James O. Ellison, Senior District Judge, United States District Court for the Northern District of Oklahoma, sitting by designation.

This is an immigration case in which Manuel Escalera ("Escalera"), the petitioner, seeks review of a final deportation order by the Board of Immigration Appeals ("BIA") denying his application for suspension of deportation. On October 27, 1997, an immigration judge found Escalera to be deportable and denied his application for suspension of deportation. In connection therewith, the immigration judge granted Escalera voluntary departure, with an alternative order of deportation to Mexico. Escalera thereafter appealed the decision of the immigration judge to the BIA. On March 19, 1999, the BIA dismissed Escalera's appeal, thereby affirming the order of the immigration judge, with one member of the BIA dissenting. Thereafter, on April 19, 1999, Escalera filed in this court a petition to review the BIA's order.

Escalera is a native and citizen of Mexico. He entered the United States without inspection at or near San Isidro, California in July, 1989. On October 9, 1996, the Immigration and Naturalization Service ("INS") issued an Order to Show Cause charging Escalera with deportability under the Immigration and Naturalization Act ("INA") for having entered the United States without inspection. At his deportation hearing on January 14, 1997, Escalera conceded his deportability and applied for suspension of deportation pursuant to the INA (former § 244). As previously stated, a hearing was held on Escalera's application for suspension on October 27, 1997, at which time Escalera testified and offered various documents in support of his application. At the outset of this hearing the INS stipulated that Escalera had resided in the United States for seven years

and that he was a person of good moral character. On October 27, 1997, the immigration judge denied Escalera's application for suspension of deportation, basing his order on Escalera's failure to establish that his deportation would result in "extreme hardship" to himself or his father, who was a lawful permanent resident of the United States. Escalera appealed the order of the immigration judge to the BIA, which, on March 19, 1999, dismissed the appeal and affirmed the immigration judge, granting Escalera the privilege of voluntary departure. The instant petition for review was then filed in this court.

Section 309(c)(4)(E) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, ("IIRIRA") Pub.L. No. 104-208, 110 Stat. 3009, 3009-626 provides, *inter alia*, that "there shall be no appeal of any discretionary decision under section 212(c), 212(h), 212(i), 244 or 245 of the Immigration and Nationality Act (as in effect as of the date of the enactment of this Act)." The respondent in the present proceeding in this court, the INS, filed a motion to dismiss Escalera's petition for lack of subject matter jurisdiction based on the provisions of IIRIRA.[1] IIRIRA was enacted on September 30, 1996, to become effective on April 1, 1997. IIRIRA, section 309(c)(4) concerns deportation proceedings that were commenced before April 1, 1997 by providing, in effect, that its provisions did apply to deportation proceedings commenced before April 1, 1997, if a final deportation order was filed after October 30, 1996. Such

---

[1]Ruling on the motion to dismiss was deferred by our order until after briefing on the merits and oral argument.

fits our case, since deportation proceedings against Escalera were commenced on October 9, 1996, and a final order was not entered by the BIA until March 19, 1999. In this regard, *see Berehe v. INS,* 114 F.3d 159, 161 (10th Cir. 1997). In that case we spoke as follows:

> IIRIRA was enacted on September 30, 1996. Although most of its provisions apply only to proceedings commenced on or after April 1, 1997, it also adopted transitional rules which apply in the case of an alien who is in exclusion or deportation proceedings before IIRIRA's effective date, April 1, 1997, but the final order of exclusion or deportation is entered more than thirty days after IIRIRA's September 30, 1996 date of enactment. See IIRIRA § 309(c)(4). The transitional rules state in relevant part that, "there shall be no appeal permitted in the case of an alien who is inadmissable or deportable by reason of having committed a criminal offense covered in" the enumerated sections, including firearm offenses. IIRIRA § 309(c)(4)(G). Because Berehe's deportation proceedings commenced before April 1, 1997, and the final order of deportation was entered after October 30, 1996, the transitional rules apply to Berehe, and preclude him from filing a petition for review.

Escalera's counsel concedes that the provisions of IIRIRA apply to the present case and at oral argument counsel also conceded that under several more or less recent cases a federal circuit court no longer has jurisdiction to review a "discretionary decision" of the BIA. Counsel also concedes that a determination by the BIA that one seeking suspension of a deportation order has not shown "extreme hardship" is a "discretionary decision." We agree. *See, e.g., Moosa v. INS,* 171 F.3d 994, 1012 (5th Cir. 1999) (holding "that denials of suspension based on the INS § 244 element of 'extreme

- 4 -

hardship' are discretionary decisions, which IIRIRA §309(c) precludes us from reviewing."); *Kalaw v. INS*, 133 F.3d 1147, 1152 (9th Cir. 1997)(holding that "[t]he transitional rules also preclude direct judicial review of the BIA's determinations of the threshold eligibility requirements of 'extreme hardship' . . ."). See also *Skutnik v. INS,* 128 F.3d 512, 514 (7th Cir. 1997). In short, we conclude that we have no jurisdiction to review the decision by the BIA that Escalera failed to show that his deportation would result in "extreme hardship."

As we understand it, counsel concedes that under IIRIRA we no longer have jurisdiction to review the BIA's decision that Escalera had failed to establish that his deportation would cause "extreme hardship." Rather, counsel's argument in this court is that Congress' effort to strip United States Circuit Courts of their former jurisdiction to review "discretionary decisions" of the BIA violates the due process clause and the separation of powers provision of the United States Constitution. We are not persuaded. As the Ninth Circuit stated in *Kalaw*:

> Kalaw also contends that IIRIRA's attempt to strip this court of jurisdiction over discretionary decisions of the Attorney General is unconstitutional because it deprives the petitioner of his due process rights and violates separation of powers. We rejected a similar argument in *Duldulao v. INS*, 90 F.3d 396 (1996), which considered companion legislation to IIRIRA (the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 (1996). *Duldulao's* logic is equally applicable to IIRIRA's transitional rules. A jurisdictional statute, such as the portions of IIRIRA that are at issue in these cases, "<u>usually takes away no substantive right but simply changes the tribunal that is to</u>

> hear the case." *Landgraf,* 511 U.S. at 274, 114 S.Ct. at 1502
> (quoting *Hallowell v. Commons,* 239 U.S. 506, 508, 36 S.Ct.
> 202, 203, 60 L.Ed. 409 (1916). (Emphasis added.)

*Kalaw,* 133 F.3d at 1152.

In this regard, the Seventh Circuit in *Skutnik v. INS*, 128 F.3d 512 (7th Cir. 1997) rejected an alien's claim that he had a "due process" right to judicial review of a decision by the BIA denying his application for suspension of deportation based on a claim of "extreme hardship."

Further, we fail to see any present applicability of *Turri v. INS,* 997 F.2d 1306 (10th Cir. 1993), also relied on by Escalera to establish our jurisdiction to direct review of the BIA's order denying his request for suspension of deportation. *Turri* was decided in 1993, three years prior to the enactment of IIRIRA.[2]

Motion to dismiss is granted, and the petition is dismissed.

---

[2]In *Fernandez v. INS,* 113 F.3d 1151, 1153 n.1 (10th Cir. 1997) in connection with the Antiterrorism and Effective Death Penalty Act we said:
> As a preliminary matter, we should note that the Constitution permits Congress
> to eliminate this court's jurisdiction over petitions for review. *See Lauf v. E. G.*
> *Shinner & Co.,* 303 U.S. 323. 330, 58 S.Ct. 578, 582, 82 L.Ed. 872 (1938).
> ("There can be no question of the power of Congress . . . to define and limit the
> jurisdiction of the inferior courts of the United States.")