**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 4 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SATNAM SINGH,

    Petitioner,

v.

IMMIGRATION &
NATURALIZATION SERVICE,

    Respondent.

No. 00-9502
(No. A72-965-883)
(Petition for Review)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , **EBEL** , and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Satnam Singh, a native and citizen of India, seeks review of a final order of deportation issued by the Board of Immigration Appeals (BIA) on January 18, 2000. On January 3, 1995, an immigration judge (IJ) found petitioner to be deportable, denied his applications for asylum, withholding of deportation, and suspension of deportation, and granted him voluntary departure. Petitioner appealed the IJ's decision to the BIA, which affirmed the IJ's holdings on de novo review and dismissed the appeal. Petitioner filed a timely petition for review of this final order of deportation. In his brief in support of the petition for review, petitioner challenges only the denial of his application for suspension of deportation filed pursuant to section 244 of the Immigration and Nationality Act (subsequently repealed). Petitioner does not challenge the denial of his application for asylum or withholding of deportation.

Under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), deportation proceedings initiated before April 1, 1997, for which a final order of deportation is issued after October 30, 1996, are subject to the transitional rules. *See* IIRIRA § 309(c)(4); *Berehe v. INS*, 114 F.3d 159, 161 (10th Cir. 1997). The transitional rules provide, in pertinent part, that "there shall be no appeal of any discretionary decision under section 212(c), 212(h), 212(i), 244 or 245 of the Immigration and Nationality Act (as in effect as of the date of the enactment of this Act)." IIRIRA § 309(c)(4)(E).

The BIA upheld the IJ's denial of petitioner's application for suspension of deportation on the ground that petitioner failed to show he would suffer extreme hardship if he returned to India. We recently held that "a determination by the BIA that one seeking suspension of a deportation order has not shown extreme hardship is a discretionary decision." *Escalera v. INS*, 222 F.3d 753, 755 (10th Cir. 2000) (quotations omitted). Therefore, we have no jurisdiction to review the BIA's denial of suspension of deportation.

Accordingly, we DISMISS the petition for review for lack of jurisdiction.

Entered for the Court

Deanell Reece Tacha
Circuit Judge