**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 20 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DANIEL PEREZ-RUL,

Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,

Respondent.

No. 02-9519
Agency No. A73-970-521
(Petition for Review)

**ORDER AND JUDGMENT** *

Before **SEYMOUR** , **HENRY** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to honor the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is,

therefore, ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Daniel Perez-Rul seeks review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of his application for asylum and withholding of deportation. Exercising jurisdiction under 8 U.S.C. § 1105a(a) (1995), we deny the petition for review.

## I. BACKGROUND

Mr. Perez-Rul is a native and citizen of Mexico who seeks review of a final order of deportation issued by the BIA on February 25, 2002. On April 20, 1989, Mr. Perez-Rul entered the United States as a visitor. Because he stayed longer than the six months authorized by his visa, the Immigration and Naturalization Service (INS) instituted deportation proceedings against him, after which Mr. Perez-Rul applied for asylum and withholding of deportation.

On January 10, 1997, an immigration judge (IJ) found petitioner to be deportable, denied his applications for asylum, withholding of deportation, and suspension of deportation, and granted him voluntary departure. Mr. Perez-Rul appealed the IJ's decision to the BIA, which affirmed the IJ's decisions and dismissed the appeal. Mr. Perez-Rul filed a timely petition for review of this final order of deportation.

In his brief in support of the petition for review, petitioner maintains the Board erred (1) when it denied his application for suspension of deportation under § 244 of the Immigration and Nationality Act (the "Act"), 8 U.S.C. §

1254(a)(1)(1994) (repealed by Pub. L. No. 104-208 (1996)); and (2) when it found that Mr. Perez-Rule failed to establish past persecution and a well-founded fear of political persecution in Mexico.

## II. DISCUSSION

### A. Denial of application for suspension of deportation

Mr. Perez-Rul applied for a suspension of deportation under § 244 of the Act. Mr. Perez-Rul now contends that the IJ failed to consider the extensive evidence of the extreme hardship that Mr. Perez-Rul would endure should he be deported. Mr. Perez-Rul maintains that we review the BIA's determination for an abuse of discretion. We disagree.

The Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208 (1996) (IIRIRA) "altered the availability, scope, and nature of judicial review in INS cases." *Rivera-Jimenez v. INS*, 214 F.3d 1213, 1215 n.1 (10th Cir. 2000). Because Mr. Perez-Rul's deportation proceedings began before April 1, 1997, and the BIA's decision was entered more than thirty days after IIRIRA's enactment date of September 30, 1996, IIRIRA's transitional rules apply. *See* IIRIRA § 309(c)(4); *Berehe v. INS*, 114 F.3d 159, 161 (10th Cir. 1997). The transitional rules provide that "there shall be no appeal of any discretionary decision under section 212(c), 212(h), 212(i), 244 or 245 of the

Immigration and Nationality Act (as in effect as of the date of the enactment of this Act)." IIRIRA § 309(c)(4)(E).

The BIA upheld the IJ's denial of petitioner's application for suspension of deportation on the ground that petitioner failed to show he would suffer extreme hardship if he returned to Mexico. "[A] determination by the BIA that one seeking suspension of a deportation order has not shown extreme hardship is a discretionary decision." *Escalera v. INS*, 222 F.3d 753, 755 (10th Cir. 2000) (internal quotation marks omitted) (dismissing petition for review for lack of jurisdiction). Therefore, we have no jurisdiction to review the BIA's denial of suspension of deportation under § 244.

**B. Denial of asylum**

In seeking asylum, Mr. Perez-Rul maintains that he has demonstrated past persecution and a well-founded fear of persecution by the Mexican government should he return there. To be granted asylum, an asylum applicant must first prove "statutory eligibility by establishing refugee status." *Woldemeskel v. INS*, 257 F.3d 1185, 1188 (10th Cir. 2001). The applicant can demonstrate eligibility by establishing "either past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion," as manifested by an infliction of suffering or harm which is regarded as offensive and involves "more than just restrictions or

-4-

threats to life and liberty." *Id.* (internal brackets, quotation marks, and citations omitted).

Our "[a]nalysis of a claim specifically based on a well-founded fear of future persecution includes both a subjective and an objective component." *Id.*

> The applicant must first prove an objective basis by credible, direct, and specific evidence in the record, of facts that would support a reasonable fear that the petitioner faces persecution. If an objective basis exists, the applicant must show her subjective fear is genuine.

*Id.* at 1188-89 (quotations and citation omitted).

> We apply a substantial evidence standard to the BIA's resolution of the first step of an asylum claim. . . . The BIA's determination that the applicant is not eligible for asylum must be upheld if supported by reasonable, substantial, and probative evidence on the record considered as a whole. It can be reversed only if the evidence presented . . . was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed. We will not, therefore, weigh the evidence or . . . evaluate the witnesses' credibility.

*Id.* at 1189 (quotations and citations omitted).

The BIA weighed the IJ's evaluation of Mr. Perez-Rul's allegations. Mr. Perez-Rul, a member of the National Action Party, had received threats from members of the majority part in Mexico, the Revolutionary Institutional Party (PRI). During a demonstration with about 300 people in June 1988, he had been involved in physical confrontation that required medical treatment. Later in 1988, he received other threats and was "pushed" around by PRI members and told that

"he should leave" while walking down the street. Rec. at 84 (Oral Decision of the Immigration judge, dated Jan. 10, 1997). He later came to the United States.

> The IJ found Mr. Perez-Rul credible and determined

> that a physical confrontation during a demonstration where a person is injured is not persecution, nor are the numerous threats he received considered persecution. . . . There's no suggestion that he was ever jailed or otherwise abused by the government officials. This simply is not political persecution.

*Id.* at 85. The IJ also noted that Mr. Perez-Rul was not a party leader and he was never jailed. The IJ rejected Mr. Perez-Rul's claims of a well-founded fear of persecution. After reviewing the record in this case, we conclude that substantial evidence supports the BIA's rejection of Mr. Perez-Rul's claim. *See Woldemeskel*, 257 F.3d at 1190 (rejecting claim of well-founded fear of persecution based upon imprisonment that occurred several years earlier and which was followed by several years that were "free from harassment or discrimination"); *INS v. Elias-Zacarias*, 502 U.S. 478, 481-84 (1992) (holding that evidence of a guerrilla organization's attempt to conscript a person into its military forces did not necessarily constitute persecution on account of political opinion); *cf. Sotelo-Aquije v. Slattery*, 17 F.3d 33, 36-37 (2d Cir. 1994) (holding that the petitioner had demonstrated political persecution by showing that a guerrilla organization threatened the petitioner on account of his active, ideological opposition).

-6-

**C. Withholding of deportation**

Because Mr. Perez-Rul cannot establish that he is entitled to asylum, he cannot satisfy the more stringent standard required for withholding of deportation. *See Woldemeskel*, 257 F.3d at 1193 ("The burden of proof for withholding of deportation is, however, significantly higher than that for asylum.").

III. CONCLUSION

For the reasons stated above, we DISMISS Mr. Perez-Rul's application for suspension of deportation for lack of jurisdiction and we DENY his petition for review.

Entered for the Court,


Robert H. Henry
Circuit Judge