**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 17 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SALVADOR GOMEZ-MERCADO,

Petitioner,

v.

JOHN ASHCROFT,

Respondent.

No. 03-9524
(BIA No. A78-143-481)
(Petition for Review)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, **BRISCOE** and **O'BRIEN**, Circuit Judges.

---

Petitioner Salvador Gomez was ordered removed by an immigration judge

(IJ) after conceding that he was subject to removal. He applied for cancellation

of removal pursuant to 8 U.S.C. § 1229b(b). The IJ denied that discretionary

relief, finding that petitioner had failed to establish at least two of the four

requirements to be eligible for cancellation of removal: that he had been

continuously present in the United States for ten years preceding his application,

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

and that his removal would result in exceptional and extremely unusual hardship to a listed person. The Board of Immigration Appeals (BIA) summarily affirmed the IJ's discretionary denial of the application for cancellation of removal.

Petitioner filed a petition for review of the BIA's summary decision, as well as a motion for stay pending review. We are, however, specifically precluded by statute from reviewing the denial of the cancellation of removal. 8 U.S.C. § 1252(a)(2)(B)(i) ("Notwithstanding any other provision of law, no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1229b . . . ."); see also Escalera v. INS, 222 F.3d 753, 755-56 (10th Cir. 2000) (applying IIRIRA transitional rules and holding that appeals court lacked jurisdiction to review discretionary decisions of the BIA).

Accordingly, we DISMISS the petition for review for lack of jurisdiction and DENY the stay motion as moot.

ENTERED FOR THE COURT
PER CURIAM

-2-