**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 5 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RAMON SAAVEDRA-DELGADO;
AURORA RAMIREZ-SAAVEDRA;
JOSE ELOY SAAVEDRA-RAMIREZ;
JUAN LEOBARDO
SAAVEDRA-RAMIREZ;
RAMON SAAVEDRA-RAMIREZ;
OMAR SAAVEDRA-RAMIREZ,

Petitioners,

v.

IMMIGRATION &
NATURALIZATION SERVICE,

Respondent.

No. 02-9548
(INS Nos. A73-375-572,
A73-375-592, A73-375-588,
A73-375-589, A73-375-591,
A73-375-527)
(Petition for Review)

**ORDER AND JUDGMENT** *

Before **LUCERO** , **McKAY** , and **TYMKOVICH** , Circuit Judges.

---

* After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioners, natives and citizens of Mexico, seek review of final orders of deportation issued by the Board of Immigration Appeals ("BIA") that affirmed without opinion the immigration judge's ("IJ") decision denying Ramon Saavedra-Delgado and Aurora Ramirez-Saavedra suspension of deportation (now called cancellation of removal, see 8 U.S.C. § 1229(b)). Because we lack jurisdiction to review the issues raised by petitioners, we **DISMISS** the petition.

On or about January 1, 1989, Ramon Saavedra-Delgado and Aurora Ramirez-Saavedra, husband and wife, entered the United States without inspection. [1] The Saavedras' children—Juan, Jose, Ramon, Jr., and Omar—entered without inspection on July 7, 1990. In August 1996, the Immigration and Naturalization Service ("INS") [2] initiated deportation proceedings by issuing Mr. and Mrs. Saavedra and all children, except Omar, [3] orders to show cause

---

[1] Ramon and Aurora will be referred to as "the parents" or "the Saavedras."

[2] "The INS ceased to exist on March 1, 2003, and its functions were transferred to the U.S. Citizenship and Immigration Services ("USCIS") within the newly formed Department of Homeland Security." Hang Kannha Yuk v. Ashcroft, 355 F.3d 1222, 1224 n.3 (10th Cir. 2004).

[3] Omar, who is a named petitioner in this case, was never properly placed in deportation proceedings and was never issued an order to show cause. The BIA therefore vacated the IJ's decision as to Omar and subsequently terminated his proceedings for lack of jurisdiction. See In re Jose Eloy Saavedra-Ramirez, et al., (BIA, Mar. 13, 2003) (denying petitioners' motion to reconsider and remand). Insofar as petitioners argue in the instant case that the BIA erred regarding Omar, the argument is moot. See Morales Ventura v. Ashcroft, 348 F.3d 1259, 1262 (10th Cir. 2003) ("issue becomes moot when court cannot grant effectual relief on

(continued...)

-2-

("OSCs"); it charged them with deportability for entering the United States without inspection. The parents subsequently filed applications for suspension of deportation under former § 244 of the Immigration and Nationality Act (INA), 8 U.S.C. § 1254(a). [4] In the alternative, petitioners sought voluntary departure.

At a hearing on the merits before the IJ, the petitioners conceded deportability. The IJ considered suspension only as to the parents because unlike their children, they had been continually present in the United States for seven years prior to the INS' service of the OSCs. See 8 U.S.C. § 1254(a), now codified at 8 U.S.C. § 1229b(a). In his oral ruling, the IJ found that the parents possessed good moral character but denied their applications for suspension, concluding that they demonstrated that their deportation would result only in economic hardship, not in an "extreme hardship" as contemplated by the statute. The IJ did, however, grant all petitioners' requests for voluntary departure.

Appealing to the BIA, the Saavedras asserted that the IJ erred in denying their petitions for suspension of deportation, and that the IJ should have considered the social and psychological hardships that they would face in having to support their family in Mexico. See Admin R. at 45. The BIA affirmed the

---

[3](...continued)
issue").

[4]    8 U.S.C. § 1254(a) (suspension of deportation) is now codified at 8 U.S.C. § 1229b(a) (cancellation of removal).

IJ's decision without opinion, see 8 C.F.R. § 3.1(a)(7), [5] on July 11, 2002. The Saavedras timely filed a petition for judicial review of the BIA's initial decision in this court. Several days later, they filed a motion to reconsider and remand with the BIA, which the BIA denied on March 13, 2003. Petitioners did not petition this court to review the second BIA decision.

On appeal, petitioners allege: (1) that the BIA violated their due process rights by summarily affirming the IJ's ruling while relying on an unclear record; (2) that the BIA erroneously ruled that the children's seven-year physical presence was cut off pursuant to the "stop-time rule" when served with an order to show cause; and in the alternative, that the BIA should have closed the children's cases administratively so they could apply for cancellation of removal; (3) that we should remand to the BIA given the drastic change in petitioners' circumstances; and (4) that the BIA's affirmance relied on an improper standard of review by the IJ under the suspension statute.

We recently concluded that streamlining under 8 C.F.R. § 3.1(a)(7) is constitutional as a general matter. Hang Kannha Yuk v. Ashcroft, 355 F.3d 1222, 1229 (10th Cir. 2004). Petitioners' various claims that the BIA violated their constitutional rights by affirming the IJ's decision without opinion are therefore unavailing. See id.; Morales Ventura, 348 F.3d at 1262 (for a claim of

_____

[5]      8 C.F.R. § 3.1(a)(7) is now codified at 8 C.F.R. § 1003.1(a)(7)).

constitutional error "even to be tenable, the particular case would have to present a substantial constitutional issue").

With regard to petitioners' stop-time-rule-claim, and their claim that the children's cases should have been administratively closed, petitioners failed to raise these issues in their appeal from the IJ's decision, and we are therefore without jurisdiction to review these claims. "The failure to raise an issue on appeal to the Board constitutes failure to exhaust administrative remedies with respect to that question and deprives the Court of Appeals of jurisdiction to hear the matter." Rivera-Zurita v. INS, 946 F.2d 118, 120 n.2 (10th Cir. 1991). Although petitioners raised these issues in their motion for reconsideration, we are "preclude[d] . . . from reviewing the merits of petitioners' motion for reconsideration," where, as here, petitioners did not file a petition for review of the BIA's second decision. Desta v. Ashcroft, 329 F.3d 1179, 1183 (10th Cir. 2003).

We likewise lack jurisdiction to address the petitioners' claim that we should remand this case to the BIA for an administrative evaluation of their drastically changed circumstances. Petitioners failed to raise this issue in their appeal from the IJ's decision. See Rivera-Zurita, 946 F.2d at 120 n.2.

As to the Saavedras' argument that the BIA's summary affirmance was improper in light of its reliance on an improper standard of review by the IJ under

the suspension statute, we also lack jurisdiction. Petitioners are subject to the transitional rules under § 309(c)(4)(E) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), which bar judicial review of any discretionary decision under former INA § 244 (suspension of deportation). They contend, however, that the issues they raise implicate questions of law. We disagree. The Saavedras' main objections seem to be to IJ's determination that no extreme hardship existed; it is well-established that such a determination is discretionary. See IIRIRA § 309(c)(4)(E); Escalera v. INS, 222 F.3d 753, 755 (10th Cir. 2000) (citing with approval Moosa v. INS, 171 F.3d 994, 1012 (5th Cir. 1999) ("[D]enials of suspension based on the . . . § 244 element of 'extreme hardship' are discretionary decisions, which IIRIRA § 309(c) precludes us from reviewing.")).

It appears that petitioners are actually arguing that the BIA violated their due process rights by not rendering a detailed decision. However, 8 C.F.R. § 3.1(a)(7) does not require a detailed decision; instead, the Board may simply state that it "affirms, without opinion, the result of the decision below [and that] [t]he decision below is, therefore, the final agency determination." § 3.1(a)(7); see Torres-Aguilar v. INS, 246 F.3d 1267, 1271 (9th Cir. 2001) (suspension applicant cannot "circumvent clear congressional intent to eliminate judicial

-6-

review over discretionary decisions through the facile device of re-characterizing an alleged abuse of discretion as a 'due process' violation").

Finally, to the extent petitioners complain that the IJ mixed-up the identities of Ramon, Jr. and his father, Ramon, the error did not affect the outcome of this case and is harmless. The petition for review is therefore **DISMISSED** .

Entered for the Court

Carlos F. Lucero
Circuit Judge