**Grzegorz SKUTNIK, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 97–1694.**

United States Court of Appeals, Seventh Circuit.

Argued Sept. 26, 1997.

Decided Oct. 15, 1997.

Brent M. Christensen (argued), Lombard, IL, Walter Zarnecki, Chicago, IL, for Petitioner.

Samuel Der–Yeghiayan, Immigration & Naturalization Service, Chicago, IL, William J. Howard, Kristal A. Marlow, Alison M. Igoe (argued), Department of Justice, Civil Division, Immigration Litigation, Washington, DC, for Respondent.

Before POSNER, Chief Judge, and EASTERBROOK and DIANE P. WOOD, Circuit Judges.

EASTERBROOK, Circuit Judge.

After entering the United States in January 1985 on a visa authorizing only a vacation trip, Grzegorz Skutnik settled in Chicago and took a job. In July 1994 the INS commenced proceedings to deport him to his native Poland. A month later Skutnik married another Polish citizen, who had entered the United States in 1985 without inspection. Three months after the marriage his wife gave birth to a son, who by virtue of the fourteenth amendment to the Constitution is a U.S. citizen. Wife and son provide the basis for Skutnik's argument that deportation would work an extreme hardship, either by splitting the family or by requiring a U.S. citizen to relocate to Poland. This hardship, Skutnik contends, justifies suspension of deportation under § 244(a)(1) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1254(a)(1) (1992). An immigration judge found nothing "extreme" about this hardship and rejected Skutnik's request, the Board of Immigration Appeals affirmed, and Skutnik filed a petition for judicial review.

Skutnik's petition and brief assert that we have jurisdiction under § 106(a) of the INA, 8 U.S.C. § 1105(a) (1992). There is a problem: the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRA), 110 Stat. 3009–546 (1996), as altered by a technical corrections act, 110 Stat. 3657 (1996), changes the ground rules. The IIRA repeals both § 106 and § 244 of the INA. Section 244 is replaced by a new § 240A, which is functionally similar, and the old § 244A becomes the new § 244. These changes affect only deportation and exclusion proceedings commenced after the IIRA's effective date, which is April 1, 1997. See IIRA § 309(c)(1)(A), 110 Stat. 3009–625. Old § 244 thus remains available to Skutnik. The judicial-review provisions of the IIRA, however, make significant changes, which take effect in stages. Some went into force on April 1, 1997 (see *Lalani v. Perryman,* 105 F.3d 334, 335–37 (7th Cir.1997)); some affect only new cases (those governed by the IIRA's substantive provisions); but a few of the new jurisdictional rules apply either to all cases that were pending when the IIRA was enacted on September 30, 1996 (see *Ter Yang v. INS,* 109 F.3d 1185, 1190–92 (7th Cir.1997)) or to cases in which the administrative decision occurs more than 30 days after the IIRA's enactment. One of these

decision–more–than–30–days–after–enactment rules affects § 244—not the new § 244 of the IIRA, but the § 244 "as in effect as of the date of enactment of this Act" (IIRA § 309(c)(4)(E), 110 Stat. 3009–625), which is to say, the version of § 244 under which Skutnik seeks relief.

For a few substantive clauses, § 309(c)(4) displaces the judicial-review provisions of the old INA "[i]n the case ... in which a final order of exclusion or deportation is entered more than 30 days after the date of the enactment of this Act, notwithstanding any provision of section 106 of the Immigration and Nationality Act (as in effect of the date of the enactment of this Act) to the contrary". Old § 244 is among the affected sections. Section 309(c)(4)(E) provides that:

> there shall be no appeal of any discretionary decision under section 212(c), 212(h), 212(i), 244, or 245 of the Immigration and Nationality Act (as in effect as of the date of the enactment of this Act)[.]

Decision in Skutnik's case was entered on February 27, 1997, more than 30 days after the IIRA was enacted. And there can be no doubt that Skutnik wants review of a "discretionary decision". *INS v. Jong Ha Wang*, 450 U.S. 139, 101 S.Ct. 1027, 67 L.Ed.2d 123 (1981), holds that § 244 gives the Attorney General a discretionary power to suspend deportation, a power the Supreme Court recently called an "act of grace" that like a Presidential pardon rests in the "unfettered discretion" of the executive branch. *INS v. Yueh–Shaio Yang*, —— U.S. ——, ——––——, 117 S.Ct. 350, 352–53, 136 L.Ed.2d 288 (1996).

■ Skutnik conceded at oral argument that the IIRA precludes judicial review of the adverse decision but argued that the due process clause of the fifth amendment entitles aliens to judicial review of all adverse decisions. That argument is untenable for the reasons *Ter Yang* gave when holding that another review-preclusion provision of the IIRA (and its predecessor the Antiterrorism and Effective Death Penalty Act of 1996) is within the power of Congress. See 109 F.3d at 1194–97. See also *King Sang Chow v. INS*, 113 F.3d 659, 668–70 (7th Cir. 1997). We held in *Ter Yang* that although the Constitution may require judicial review of a claim of legal entitlement to remain in the United States, it does not require review of claims that executive officials should make exceptions to the rules defining who is legally entitled to reside in the United States. That analysis is as applicable to IIRA § 309(c)(4)(E) as it was to the provision at issue in *Ter Yang*.

Because Skutnik concedes that the IIRA forbids judicial review of his claim, we need not confront any of the interpretive issues that lurk beneath its surface. For example, does the prohibition of judicial review apply when the Attorney General's decision is said to violate the Constitution because (for example) it is based on religion or speech? Section 309(c)(4)(E) forbids judicial review of a "discretionary decision". The Attorney General lacks discretion to violate the first amendment; but does the statute look past the *reason* for the decision to the question whether the "decision" itself could have been based on a lawful exercise of discretion? See also *Ter Yang*, 109 F.3d at 1192–93 (reserving the same kind of question for another door-closing statute). Similarly, it may become necessary to decide whether § 309(c)(4)(E) applies to all actions under § 244 that could have been exercises of discretion, or only those in which the Attorney General explicitly asserted that discretion was being exercised. What happens, for example, if the Attorney General denies an application under § 244 after concluding that the alien does not meet the statutory eligibility requirement of seven years' uninterrupted residence in the United States and then declines to exercise discretion one way or the other? Similarly, what happens if the Attorney General says something like "I would have exercised discretion in the alien's favor, except for my conclusion that he is statutorily ineligible"? The outcome may depend on whether it is best to emphasize the word "decision" (all decisions under § 244 could be based on an exercise of discretion) or the word "discretionary" (only a subset of actions under § 244 reflect an exercise of discretion). Cf. *INS v. Bagamasbad*, 429 U.S. 24, 97 S.Ct. 200, 50 L.Ed.2d 190 (1976). None of these questions has been addressed by the parties;

none is pertinent to today's decision; all are open for consideration when they matter to the outcome.

Skutnik's petition for review is dismissed for want of jurisdiction.