142 F.3d 440
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Senel Herman TAYLOR, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 97-2554.
 United States Court of Appeals,
Seventh Circuit.
 .
Submitted March 26, 1998.*
Decided March 30, 1998.
 
 Petition for Review of an Order of the Board of Immigration Appeals. No. Apt-nbn-jgu.
 Before JOEL M. FLAUM, MICHAEL S. KANNE, TERENCE T. EVANS, Circuit Judges.
 
 ORDER
 
 1
 Senel Herman Taylor, a native and citizen of Jamaica, appeals from an order of the Board of Immigration Appeals ("BIA") denying his motion to reopen deportation proceedings to reapply for discretionary relief under § 212(c) of the Immigration and Nationality Act of 1952 ("INA"), 8 U.S.C. § 1182(c). Taylor entered the United States as a permanent resident in 1978. In 1987, he pleaded guilty to one count of drug abuse (possession of cocaine) and one count of possession of criminal tools (drug paraphernalia). Following his guilty plea, the Court of Common Pleas of Cuyahoga County, Ohio sentenced Taylor to one year's imprisonment on each count, to be served concurrently. As a result of the conviction, the INS initiated deportation proceedings against Taylor in 1988, charging him with deportability pursuant to § 241(a)(11) of the INA, 8 U.S.C. § 1251(a)(11) (recodified without change as § 241(a)(2)(B)(i), 8 U.S.C. § 1251(a)(2)(B)(i)). Although he admitted the charges, Taylor sought discretionary relief from deportation pursuant to § 212(c), which was denied. In May of 1996, Taylor filed the underlying motion to reopen. On March 24, 1997, the BIA denied the motion because Taylor's drug abuse conviction renders him statutorily ineligible for § 212(c) relief under § 440(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (1996). Because we lack jurisdiction to review the BIA's order denying the motion, Taylor's petition for review is dismissed.
 
 
 2
 Taylor's brief asserts that we have jurisdiction under § 106(a) of the INA, 8 U.S.C. § 1105a(a). However, § 309(c)(4) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRA"), Pub.L. 104-208, 110 Stat. 3009 (1996), repealed § 106 and established several transitional rules for judicial review of final deportation orders entered after October 30, 1996, in deportation proceedings commenced prior to April 1, 1997, which apply here. Skutnik v. INS, 128 F.3d 512, 514 (7th Cir.1997). Section 309(c)(4)(G) provides that " 'there shall be no appeal permitted in the case of an alien who is inadmissible or deportable by reason of having committed a criminal offense covered in ... section 241(a)(2)(A)(iii), (B), (C), or (D)' of the INA (as amended by the AEDPA)." Turkhan v. INS, 123 F.3d 487, 489 (7th Cir.1997) (quoting § 309(c)(4)(G)).
 
 
 3
 Because the INS initiated Taylor's deportation proceedings in 1988 and the order denying the motion to reopen was entered after October 30, 1996, § 309(c)(4)(G) applies to Taylor's petition for review. The BIA's order denying Taylor's motion to reopen is considered a "final order of deportation" for the purpose of judicial review. Id., Chow v. INS, 113 F.3d 659, 663-64 (7th Cir .1997). Taylor was deportable based on his drug abuse conviction, a criminal offense covered in § 241(a)(2)(B). Therefore, § 309(c)(4)(G) prohibits Taylor's appeal.
 
 
 4
 Our review of Taylor's petition also is prohibited by § 440(a) of the AEDPA. The provisions of § 309(c) of the IIRA are "nearly identical" to § 440(a) of the AEDPA. Turkhan, 123 F.3d at 490. This court and all of the circuits that have addressed this issue have held that § 440(a) applies to pending cases. Id. at 488. Section 440(a) of the AEDPA provides that "[a]ny final order of deportation against an alien who is deportable by reason of having committed a criminal offense covered in section 241(a)(2)(A)(iii), (B), (C), or (D) [of the INA] ... shall not be subject to review by any court." Id. (quoting § 440(a)). For this additional reason, we also lack jurisdiction to review Taylor's petition for under § 440(a) of the AEDPA.
 
 
 5
 Taylor's petition is DISMISSED for want of jurisdiction.
 
 
 
 *
 After an examination of the briefs and record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)