RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2002 FED App. 0392P (6th Cir.)
File Name: 02a0392p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

OSCAR VALENZUELA-
ALCANTAR,
　　　　　　　*Petitioner,*

　　　　*v.*

IMMIGRATION AND
NATURALIZATION SERVICE,
　　　　　　　*Respondent.*

No. 01-3684

On Petition for Review of a Decision of the
Board of Immigration Appeals.
No. A74 743 421.

Argued: October 29, 2002

Decided and Filed: November 13, 2002

Before: MARTIN, Chief Circuit Judge; NELSON and
GILMAN, Circuit Judges.

———————————

## COUNSEL

**ARGUED:** Terence G. Hoerman, Detroit, Michigan, for
Petitioner. Ernesto H. Molina, UNITED STATES
DEPARTMENT OF JUSTICE, IMMIGRATION
LITIGATION, CIVIL DIVISION, Washington, D.C., for

1

Respondent.  **ON BRIEF:**  Terence G. Hoerman, Detroit, Michigan, for Petitioner.  Ernesto H. Molina, David V. Bernal, UNITED STATES DEPARTMENT OF JUSTICE, IMMIGRATION LITIGATION, CIVIL DIVISION, Washington, D.C., for Respondent.

---

## OPINION

---

BOYCE F. MARTIN, JR., Chief Circuit Judge.  Oscar Valenzuela-Alcantar, a Mexican citizen, petitions this court for review of the decision of the Board of Immigration Appeals dismissing his appeal and affirming an immigration judge's decision to deny his request for suspension of deportation.  He argues that the immigration judge erred in finding an inadequate showing of "extreme hardship," one of three determinations required for suspension of deportation. The immigration judge granted voluntary departure, which Valenzuela-Alcantar requested as alternative relief.

A decision by an immigration judge or the Board regarding the degree of hardship is a discretionary decision. Previously, under the Immigration and Nationality Act, a deportee could seek judicial review of such decisions.  Under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, the deportation and review process underwent significant change.  The Immigration Reform Act contains transitional rules affecting judicial review, one of which bars review of  certain discretionary decisions. A finding with respect to extreme hardship under Section 244 of the Immigration and Nationality Act is such a discretionary decision. Because the transitional rules apply here, this court cannot review the Board's decision and must dismiss the petition for lack of subject matter jurisdiction.

I.

Oscar Valenzuela-Alcantar, a Mexican citizen, entered the United States in February 1988, at or near Nogales, Arizona, without inspection by an immigration officer. After a period of time in California, he moved to Detroit in April 1996. Valenzuela-Alcantar is married to a Mexican citizen who is in the United States as an undocumented alien. He has two children, about seven and five years of age, both of whom were born in the United States and are thus United States citizens.

The Immigration and Naturalization Service served an Order to Show Cause on Valenzuela-Alcantar in May 1996. For reasons unknown, it waited to file the Order until March 10, 1997. Valenzuela-Alcantar conceded at a hearing before an immigration judge that he is deportable on the charge of entry without inspection pursuant to Section 241(B) of the Immigration and Nationality Act. INA of 1952, ch. 477, 66 Stat. 163, 8 U.S.C. §1251(a)(1)(B)(current version at 8 U.S.C. §1227(a)(1)(b))(renumbered pursuant to 1996 amendment). Valenzuela-Alcantar applied for suspension of deportation pursuant to Section 244 of the Immigration and Nationality Act. Immigration and Nationality Act of 1952, ch. 477, 66 Stat. 214, 8 U.S.C. §1254 (1994) (repealed 1996). His basis for the request was that deportation to Mexico would cause extreme hardship to his United States citizen children. In the alternative, he sought voluntary departure from the United States rather than deportation.

In deportation proceedings held March 30, 1998, Valenzuela-Alcantar presented evidence that his hometown in Mexico is impoverished and polluted. The immigration judge commented that Valenzuela-Alcantar's "father's home is clearly in an area where no one should live." Though Valenzuela-Alcantar claimed his children would suffer emotional hardship, he presented no evidence in support of this allegation. Valenzuela-Alcantar also indicated that he would have difficulty finding a job due to lack of prospects in his hometown and his lack of a formal education.

After noting that Valenzuela-Alcantar and his children need not return to his father's home, the immigration judge determined that Valenzuela-Alcantar had not established "extreme hardship." The judge emphasized that the hardships faced by Valenzuela-Alcantar's family are no more substantial than those faced by any family forced to relocate from the United States to Mexico. The children speak Spanish and are young, and he could take the family to another area of Mexico to avoid environmental and economic factors present in his home community.

Acknowledging that Valenzuela-Alcantar had satisfied two of the three statutory requirements for suspension of deportation by continuously remaining in the United States for seven years and by showing good moral character, the immigration judge found Valenzuela-Alcantar had not proven extreme hardship as required under Section 244(a)(1). Thus, the judge denied Valenzuela-Alcantar's application for suspension of deportation but granted the request for voluntary departure, pursuant to Section 244(e) of the Immigration and Nationality Act. INA §244(e), 8 U.S.C. §1254(e) (repealed 1996) (current statute 8 U.S.C. §1229c (Supp. V 2000)). This gave Valenzuela-Alcantar a period of three months in which to depart without expense to the Government. This period was to end June 30, 1998, unless the Immigration and Naturalization Service granted an extension.

Valenzuela-Alcantar appealed the decision to the Board of Immigration Appeals on the ground that the immigration judge erred in deciding the requisite showing of "extreme hardship" had not been made. Concurring with the immigration judge's determination with respect to "extreme hardship," on May 29, 2001, the Board of Immigration Appeals dismissed Valenzuela-Alcantar's administrative appeal. On June 22, 2001, Mr. Valenzuela petitioned this court for review of Board's final order of deportation. The "extreme hardship" issue is the only basis of his petition.

For the preceding reasons, we DISMISS Valenzuela-Alcantar's petition for review for lack of subject matter jurisdiction.

In addition to the Ninth Circuit in *Kalaw*, every other circuit to have considered the question has concluded that the "extreme hardship" determination under § 244 is a discretionary one. *Kalkouli v. Ashcroft*, 282 F.3d 202, 204 (2d Cir. 2002); *Okpa v. I.N.S.*, 266 F.3d 313, 317 (4th Cir. 2001); *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1298 (11th Cir. 2001); *Escalera v. INS*, 222 F.3d 753, 755 (10th Cir. 2000); *Bernal-Vallejo*, 195 F.3d at 63; *Moosa v. I.N.S.*, 171 F.3d 994, 1012 (5th Cir. 1999); *Skutnik v. INS*, 128 F.3d 512, 514 (7th Cir. 1997). We have not yet characterized the extreme hardship determination but now agree with our sister circuits that it is discretionary.

### IV.

It follows, in accordance with Section 309(c)(4)(E) of the Immigration Reform Act, that the immigration judge's determination of the "extreme hardship" issue is not subject to judicial review. See, *Kalkouli*, 282 F.3d at 204; *Okpa*, 266 F.3d at 317; *Najjar*, 257 F.3d at 1298; *Escalera*, 222 F.3d at 755-56; *Bernal-Vallejo*, 195 F.3d at 63; *Moosa*, 171 F.3d at 10; *Kalaw*, 133 F.3d at 1152; *Skutnik*, 128 F.3d at 514.

Valenzuela-Alcantar's petition is based solely upon a claimed abuse of discretion in the immigration judge's decision that the petitioner did not make the required showing of extreme hardship. In discussing the standard of review, Valenzuela-Alcantar asserts that the Immigration Reform Act bars review of any judgment "regarding the *granting* of relief" as opposed to denial of relief. *See* IIRIRA §306(a)(2), 8 U.S.C. §1252(a)(2)(B)(i)(Supp. V 2000)(emphasis added). This section of the Immigration Reform Act amends the Immigration and Nationality Act by adding new provisions. As discussed above, the new provisions do not apply except to cases commenced after April 1, 1997. For the instant case, begun before April 1, 1997, the transitional rules apply. Under the applicable transitional rules, review of a discretionary decision is barred. Valenzuela-Alcantar raises no other issue on appeal.

### II.

In 1996, Congress enacted the Immigration Reform Act. Pub. L. No. 104-208, 110 Stat. 3009 (codified in scattered sections of 8 U.S.C.). Before the Immigration Reform Act was enacted, an alien appealing a decision of the Board of Immigration Appeals could file a petition for review in a federal court of appeals. *See* INA §106(a), codified at 8 U.S.C. §1105a (repealed). The Immigration Reform Act made sweeping changes in immigration law and proceedings, reducing the role of judicial review in immigration proceedings. In *CDI Information Servs. v. Reno*, 278 F.3d 616, 618 (6th Cir. 2002) we stated that "...the [Immigration Reform Act] contains a number of provisions limiting or eliminating judicial review of particular [Immigration and Naturalization] Service decisions." *Id*.

Three possible situations govern which law will apply, based upon when an alien's deportation proceedings began. For deportation proceedings that were terminated with a final order on or before October 30, 1996, thirty days after Congress enacted the Immigration Reform Act, the former version of the Immigration and Nationality Act applies. *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir. 1997); IIRIRA § 309(c), 110 Stat. 3009-624, codified at 8 U.S.C. §1101 note (containing the transitional provisions under Effective Date of Amendments). For cases begun on or after April 1, 1997, the effective date of the Immigration Reform Act, most of the Immigration Reform Act's provisions apply. *Kalaw,* 133 F.3d at 1150; IIRIRA § 309(a), codified at 8 U.S.C. §1101 note. For deportation proceedings beginning before April 1, 1997, and ending with a final order entered after October 30, 1996, transitional rules apply. *Kalaw*, 133 F.3d at 1150; IIRIRA § 309(c)(4), codified at 8 U.S.C. § 1101 note.

The Board of Immigration Appeals heard Valenzuela-Alcantar's administrative appeal pursuant to 8 C.F.R. Section 3.1 (b)(2). Under 8 U.S.C. Section 1105a(a) (repealed), the Board's final order of deportation was subject to review by this court. The repeal of Section 1105(a) does not apply to

deportation proceedings that were pending on April 1, 1997. For cases beginning before April 1, 1997, and resulting in entry of a final order after October 30, 1996, petitioners have a 30-day period in which to file petition for review. IIRIRA §309(c)(4)(C), codified at 8 U.S.C.§1101 note.

Review of Valenzuela-Alcantar's case is barred, however, by another transitional rule of the Immigration Reform Act prohibiting judicial review of certain cases. To determine if this provision of the Immigration Reform Act applies, we must decide when deportation proceedings "commenced." One regulation states that "[a] deportation proceeding is commenced by the filing of Form I-221 (Order to Show Cause) with the Immigration Court, and an alien is considered to be in deportation proceedings only upon such filing . . . ." 8 C.F.R. § 240.40. Another regulation provides that the proceedings commence only when a "charging document" is filed, 8 C.F.R. § 3.14, and an Order to Show Cause is such a document. 8 C.F.R. §3.13. The Order to Show Cause was filed on March 10, 1997.

By asserting that his case began when the order was served on him on May 16, 1996, citing the immigration judge's oral decision and the Order to Show Cause in support of this date, Valenzuela-Alcantar misstates the record. This is the date the Order was served upon Valenzuela-Alcantar. The copy of the Order as well as the immigration judge's comments indicate it was filed on March 10, 1997. Whether his case began May 16, 1996, or March 10, 1997, it certainly began before April 1, 1997, and the Board's entry of its final order on May 29, 2001, certainly occurred after October 30, 1996. Thus, the transitional rules apply.

### III.

#### A.  Section 244 of the Immigration and Nationality Act

One transitional rule provides that "there shall be no appeal of any discretionary decision under section . . . 244 . . . of the Immigration and Nationality Act." IIRIRA §309 (c)(4)(E). The Immigration Reform Act repealed Section 244, but

Section 244 still applied to Valenzuela-Alcantar's application because his deportation proceeding began before the Immigration Reform Act's effective date of April 1, 1997. *See* IIRIRA §308(b)(7), 8 U.S.C. §1254a (Supp. V 2000).

Under Section 244 of the Immigration and Nationality Act, suspension of deportation may be granted if (1) the applicant has been physically present in the United States for a continuous period of at least seven years, (2) the applicant has been and is a person of good moral character, and (3) "deportation would, in the opinion of the Attorney General, result in extreme hardship" to the applicant or to a spouse, parent, or child who is a citizen of the United States or permanent resident alien. 8 U.S.C. § 1254(a)(1) (repealed 1996). This is the statute under which Valenzuela-Alcantar applied for suspension of deportation.

#### B.  Whether Decisions Under Section 244 Are Discretionary

The immigration judge's determination that Valenzuela-Alcantar had not proven "extreme hardship" is a decision made under Section 244 of the Immigration and Nationality Act. *See, e.g., Bernal-Vallejo v. I.N.S.*, 195 F.3d 56, 61 (1st Cir. 1999).

That determination is also "discretionary," demanding an exercise of judgment over and above mere ascertainment of facts. Indeed, the language of the statute expressly commits the "extreme hardship" determination to "the opinion of the Attorney General." 8 U.S.C. § 1254(a)(1) (repealed 1996); *Kalaw*, 133 F.3d at 1152 (quoting *Carnalla-Munoz v. I.N.S.*, 627 F.2d 1004, 1006 (9th Cir. 1980) ("Extreme hardship is by the express terms of the statute a discretionary determination.")). Immigration judges and the Board of Immigration Appeals are designees of the Attorney General and thus are governed by provisions regarding the Attorney General. *See* 8 C.F.R. § 3.10. Hence, we conclude that immigration judges and the Board of Immigration Appeals make discretionary decisions when addressing "extreme hardship" under Section 244.