

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-29-2003

# Mendez-Moranchel v. Atty Gen USA

Precedential or Non-Precedential: Precedential

Docket No. 02-2146

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

## Recommended Citation

"Mendez-Moranchel v. Atty Gen USA" (2003). *2003 Decisions.* Paper 315.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/315

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

Filed July 29, 2003

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-2146

MAURILIO MENDEZ-MORANCHEL,

Petitioner

v.

JOHN D. ASHCROFT, ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA; JAMES W. ZIGLAR,
COMMISSIONER OF THE IMMIGRATION AND
NATURALIZATION SERVICE,

Respondent

PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS
(No. A75-547-409)

Argued January 21, 2003

BEFORE: NYGAARD, AMBRO, and BECKER,[1]
*Circuit Judges.*

(Filed July 29, 2003)

Raymond P. D'Uva, Esq. (Argued)
Law Offices of Raymond P. D'Uva
17 Academy Street, Suite 1000
Newark, NJ 07102
*Counsel for Petitioner*

1. Judge Becker completed his term as Chief Judge on May 4, 2003.

Michael P. Lindemann, Esq.
John M. McAdams, Jr., Esq.
Russell J. E. Verby, Esq. (Argued)
David V. Bernal, Esq.
United States Department of Justice
Office of Immigration Litigation
P.O. Box 878
Ben Franklin Station
Washington, DC 20044
    *Counsel for Respondent*

## OPINION OF THE COURT

NYGAARD, *Circuit Judge.*

Maurilio Mendez-Moranchel, a nonresident deportable alien, challenges the government's denial of discretionary cancellation of deportation. The Board of Immigration Appeals found that Mendez met three of the four initial requirements for consideration of cancellation of deportation under 8 U.S.C. § 1229b. The issue before us is whether we can review the Board's decision that Mendez does not meet the fourth requirement—the hardship requirement. Because we hold that the issue of whether Mendez meets the hardship requirement is a discretionary decision by the Board of Immigration Appeals, we lack jurisdiction to review the decision and we will dismiss this action. *See* 8 U.S.C. § 1252(a)(2)(B).

I.

Our decision is based on the narrow question of whether we have jurisdiction to review the decision of the Immigration Law Judge and the Board that Mendez's U.S. citizen children would not suffer an extreme and unusual hardship as a result of Mendez's deportation. Mendez, a native and citizen of Mexico, has resided in the United States since 1982. In 1998, the INS issued Mendez a Notice to Appear, alleging he violated the Immigration and Nationalization Act by entering the United States without inspection. *See* 8 U.S.C. § 1182(a)(6)(A)(i). Mendez admitted

that he entered the country without inspection and was therefore subject to removal. Seeking to stay in the country, Mendez sought discretionary cancellation of removal under 8 U.S.C. § 1229b(b).

Mendez is the father of three children, all U.S. citizens, and resides with two of his children and their mother. Mendez claims that if the INS removes him, his family, particularly his oldest son, will suffer an exceptional and extremely unusual hardship. It is on this basis that Mendez seeks cancellation of removal. If removed, Mendez will have to take his family with him to Mexico, or be separated from them. He argues that either would result in hardship. Mendez provides the sole financial support for his sons. He has been away from Mexico for several years and testified that he will be unable to earn a living in Mexico. Therefore, he argues that he will neither be able to support his family in Mexico if they accompany him, nor be able to send them money to support them in the United States if they stay. In addition, Mendez argues that his oldest son's disability militates against his removal. Mendez's son apparently suffers from a disability that requires him to receive special language instruction. Because of this disability, his son does not speak English or Spanish well. Mendez argues that if he takes his son to Mexico, he will be denied an appropriate education.

The Immigration Judge found that Mendez met the first three requirements for cancellation of removal: residency, good moral character, and no conviction for disqualifying crime. 8 U.S.C. § 1229b(b)(1)(A)-(C). However, the Immigration Judge concluded that Mendez's removal would not result in an exceptional and extremely unusual hardship to his U.S. citizen children. Therefore, he denied Mendez's request for discretionary cancellation of removal. Mendez appealed to the Board, which affirmed the Immigration Judge's decision without an opinion.

## II.

Mendez sought cancellation of removal under 8 U.S.C. § 1229b(b). Section 1229b(b) allows the Attorney General to cancel removal of an inadmissible or deportable alien if the alien meets four threshold requirements:

The Attorney General may cancel removal of, and adjust to the status of an alien lawfully admitted for permanent residence, an alien who is inadmissible or deportable from the United States if the alien—

(A) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application;

(B) has been a person of good moral character during such period;

(C) has not been convicted of an offense under section 212(a)(2), 237(a)(2), or 237(a)(3) [8 U.S.C. §§ 1182(a)(2), 1227(a)(2), or 1227(a)(3)] (except in a case described in section 237(a)(7) [8 U.S.C. § 1227(a)(7)] where the Attorney General exercises discretion to grant a waiver); and

(D) establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.

8 U.S.C. § 1229b(b)(1).

The Board upheld the Immigration Judge's decision that Mendez failed to meet the threshold requirement for consideration of cancellation of deportation. We must first determine whether we have jurisdiction to review this decision in light of 8 U.S.C. § 1252. Section 1252(a)(2) sets out those matters under the Immigration and Naturalization Act that are not subject to judicial review. Section 1252(a)(2)(b) removes jurisdiction for "denials of discretionary relief." Subsection (a)(2)(b)(i) purports to strip jurisdiction concerning "any judgment regarding the granting of relief under section . . . [8 U.S.C. § 1229b]." The issue before us is whether the Board's determination that Mendez does not satisfy the hardship requirement is a judgment regarding the granting of relief under § 1229b.

This is an issue of first impression in our circuit. However, we are not the first to address this question. In *Montero-Martinez v. Ashcroft*, 277 F.3d 1137 (9th Cir. 2002), the Ninth Circuit considered the meaning of

"judgment" related to a different aspect of the hardship requirement under the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996. The initial issue before the court was whether it had jurisdiction to review the Board's "purely legal and hence non-discretionary question whether [the Appellant's] adult daughter qualifies as a 'child' for the purposes of [§ 1229b] . . . ." *Id.* at 1140. As here, the Board had denied the appellant's request for cancellation finding that he did not meet the statute's threshold requirements.

The court started by recognizing that "judgment" was ambiguous because it was not defined in the statute, and "could either mean 'any decision' or 'any decision involving the exercise of discretion.'" *Id.* at 1140. The court reviewed the Immigration and Naturalization Act and determined that throughout "judgment" was used in one of two ways, either to refer to a formal order from a court, or to refer to the exercise of discretion. *Id.* From this, the court concluded it was unlikely Congress would intend a third meaning for "judgment," applying it to *any decision* involving the exercise of discretion.

Next, the court considered the structure of the statute. First, the term "judgment" was placed in the phrase "judgment regarding the granting of relief." Thus, the term refers "only to a judgment regarding the order or decision." *Id.* at 1142. In other words, the term refers to an exercise of discretion regarding the order or decision. "Child" is defined in the INA, and therefore "[n]o judgment is exercised with respect to the mere eligibility for discretionary relief. . . ." *Id.* Because the determination of whether the daughter met the statutory definition of "child" was not a judgment, the court could review this determination. The court went on to conclude that the daughter did not meet the statutory definition of "child" and upheld the BIA's decision.

The Seventh Circuit conducted a similar analysis of "judgment" in the jurisdiction stripping statute, 8 U.S.C. § 1252(a)(2)(B), and came to the conclusion that the statute "only bars review of actual discretionary decisions to grant or deny relief under the enumerated sections." *Iddir v. INS*, 301 F.3d 492, 497 (7th Cir. 2002). We join the other

circuits and conclude that, for nondiscretionary factors, the Court maintains jurisdiction, but as to discretionary decisions we lack jurisdiction.

### III.

We now turn to whether the judgment that an alien will suffer an "exceptional and extremely unusual hardship" is discretionary. As discussed above, § 1229b sets out the eligibility requirements to qualify for discretionary cancellation of deportation. The hardship requirement requires that the alien "establish[] that removal would result in exceptional and extremely unusual hardship. . . ." The determination of whether the alien has established the requisite hardship is a quintessential discretionary judgment.

A review of the cases addressing both the present "exceptional and extremely unusual" hardship requirement and the predecessor "extreme hardship" requirement supports the conclusion that the hardship determination is discretionary. For example, the Ninth Circuit addressed whether each element of the predecessor[2] to § 1229b was or was not discretionary in *Kalaw v. INS*, 133 F.3d 1147 (9th Cir. 1997). The court concluded that the hardship determination is left to the Attorney General's discretion and is not subject to review. *See id.* at 1152 (citing *Torres-Guzman v. INS*, 804 F.2d 531, 533 (9th Cir. 1986)).

The court had no difficulty deciding that this requirement was discretionary and unreviewable. *Id.* All other circuits considering the issue agree. As noted by the Sixth Circuit in *Valenzuela-Alcantar v. INS*, 309 F.3d 946 (6th Cir. 2002), "In addition to the Ninth Circuit in *Kalaw*, every other circuit to have considered the question has concluded that the 'extreme hardship' determination under § 244 is a discretionary one." *Id.* at 949 (citing *Kalkouli v. Ashcroft*, 282 F.3d 202, 204 (2d Cir. 2002); *Okpa v. INS*, 266 F.3d

---

2. The prior statute stated that the Attorney General could suspend deportation if the alien "is a person whose deportation would, in the opinion of the Attorney General, result in extreme hardship. . . ." 8 U.S.C. § 1254(a)(1) (repealed).

313, 317 (4th Cir. 2001); *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1298 (11th Cir. 2001); *Escalera v. INS*, 222 F.3d 753, 755 (10th Cir. 2000); *Bernal-Vallejo*, 195 F.3d at 63; *Moosa v. INS*, 171 F.3d 994, 1012 (5th Cir. 1999); *Skutnik v. INS*, 128 F.3d 512, 514 (7th Cir. 1997)).

More recent cases addressing "exceptional and extremely unusual" reach the same conclusion. *See Romero-Torres v. Ashcroft*, 327 F.3d 887 (9th Cir. 2003) ("We lack jurisdiction to review the BIA's discretionary determination that an alien failed to satisfy the 'exceptional and extremely unusual hardship' requirement for cancellation of removal."); *Gonzalez-Oropeza v. Attorney General*, 321 F.3d 1331, 1333 (11th Cir. 2003) (per curiam) ("[T]he exceptional and extremely unusual hardship determination is a discretionary decision not subject to review.").

IV.

We hold that § 1252(a)(2)(B)(i) strips us of jurisdiction to review certain discretionary decisions under the Immigration and Naturalization Act as enumerated by the statute. The decision whether an alien meets the hardship requirement in 8 U.S.C. § 1229b is such a discretionary judgment. Therefore, we lack jurisdiction to review the issue Mendez presents on appeal—whether the Board and Immigration Judge were correct in determining that he does not meet the hardship requirements for cancellation of deportation. We will dismiss the appeal accordingly.

A True Copy:
        Teste:

*Clerk of the United States Court of Appeals*
*for the Third Circuit*