# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3850

_____

Inocente Martinez Ortiz,           *
                                       *

           Petitioner,         *    On Petition for Review from
                                        *    Immigration and Naturalization
    v.                                 *    Service.
                                          *

John Ashcroft, Attorney General of    *
the United States,                 *
                                          *

          Respondent.        *

_____

Submitted: March 12, 2004

Filed: March 18, 2004

_____

Before WOLLMAN, FAGG, and HANSEN, Circuit Judges.

_____

FAGG, Circuit Judge.

In this immigration case, Inocente Martinez Ortiz, a citizen of Mexico, admitted deportability, but sought suspension of deportation under 8 U.S.C. § 1254(a)(1) (1994). Section 1254(a)(1) gives the Attorney General (AG) discretion to suspend the deportation of an alien under certain circumstances. Among other requirements, the AG must believe the alien's deportation would result in extreme hardship to the alien or to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence. An immigration judge (IJ) denied Martinez suspension of deportation, concluding Martinez would not

experience extreme hardship if he were returned to Mexico, and his wife and children, who live in Mexico, were not United States citizens or permanent residents. The Board of Immigration Appeals (BIA) affirmed without opinion under its streamlined review procedure, 8 C.F.R. § 3.1(a)(7).

In his petition for review, Martinez first argues the ALJ did not properly consider expert testimony and the totality of the circumstances in deciding the extreme hardship issue. The IJ's decision that Martinez's deportation to Mexico would not cause him extreme hardship is a discretionary one that we lack jurisdiction to review. Mendez-Moranchel v. Ashcroft, 338 F.3d 176, 179 (3d Cir. 2003); Valenzuela-Alcantar v. INS, 309 F.3d 946, 949-50 (6th Cir. 2002); Kalkouli v. Ashcroft, 282 F.3d 202, 204 (2d Cir. 2002) (per curiam); Ramirez-Alejandre v. Ashcroft, 276 F.3d 517, 518 (9th Cir. 2002); Okpa v. INS, 266 F.3d 313, 317 (4th Cir. 2001); Al Najjar v.Ashcroft, 257 F.3d 1262, 1297-98 (11th Cir. 2001); Rodriguez v. Ashcroft, 253 F.3d 797, 799 (5th Cir. 2001); Escalera v. INS, 222 F.3d 753, 755-56 (10th Cir. 2000); Bernal-Vallejo v. INS, 195 F.3d 56, 63 (1st Cir. 1999); Skutnik v. INS, 128 F.3d 512, 514 (7th Cir. 1997); see also Ikenokwalu-White v. INS, 316 F.3d 798, 803 n.7 (8th Cir. 2003) (in case involving a related issue, recognizing unanimous view that extreme hardship determination is not subject to judicial review).

Martinez also asserts the BIA should not have used its streamlined review procedure in this case because the prerequisites for its use were not met. The streamlined review regulation permits an individual BIA member to affirm the IJ's decision without opinion when the individual member decides that the result was correct, that any errors were harmless or immaterial, and either that the issue on appeal is squarely controlled by existing BIA or federal court precedent and does not involve a novel factual situation, or that the factual and legal questions raised are so insubstantial that three-member review is not warranted. 8 C.F.R. § 3.1(a)(7)(ii); Loulou v. Ashcroft, 354 F.3d 706, 708 (8th Cir. 2003). When an individual BIA member streamlines an appeal, the IJ's order is the final agency determination for the

purposes of judicial review.  8 C.F.R. § 3.1(a)(7)(iii); <u>Loulou</u>, 354 F.3d at 708.  We conclude the BIA properly used the streamlined review procedure in this case.

We thus affirm the denial of Martinez's petition for review.

_____