Accordingly, the petition for judicial review is denied.

**Ion ARDELEANU; Sidonia Ardeleanu, Petitioners,**

v.

**John ASHCROFT, Attorney General; Immigration and Naturalization Service, Respondents.**

No. 03–3286.

United States Court of Appeals, Sixth Circuit.

Aug. 18, 2004.

Thomas R. Williams, Kerr, Russell & Weber, Detroit, MI, for Petitioners.

Terri J. Scadron, Daniel D. McClain, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondents.

Before BATCHELDER and DAUGHTREY, Circuit Judges; and

DOWD, District Judge.*

## ORDER

Ion Ardeleanu and Sidonia Ardeleanu, natives and citizens of Romania, petition for review of the decision of the Board of Immigration Appeals (BIA) that affirmed the decision of an immigration judge (IJ) to deny their applications for asylum, withholding of removal, and cancellation of removal under the Nicaraguan and Cuban Adjustment and Central American Relief Act of 1997 (NACARA). The parties are represented by counsel and have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Ion Ardeleanu entered the United States in October 1990, and immediately filed an application for asylum. His wife Sidonia followed a year later. The Immigration and Naturalization Service began removal proceedings in May and June 1997 because the Ardeleanus had overstayed their visitor visas. The Ardeleanus conceded removability and applied for asylum, withholding of removal, and cancellation of removal. An IJ held a hearing in January 1999. Ion Ardeleanu testified that, in December 1989, he was arrested for demonstrating against then-president Nicolae Ceausescu. Sidonia Ardeleanu stated that she suffered discrimination because of her ethnic background and religion. The Ardeleanus also believed a neighbor spied on them on behalf of the government. The IJ found that the Ardeleanus were not credible, and that even if the couple's testimony were believed, they had not established past persecution, a well-founded fear of future persecution, or a likelihood of ex-

treme hardship if they were returned to Romania. The BIA upheld the IJ's decision in all respects. The Ardeleanus filed a timely petition for review.

In their petition for review, the Ardeleanus argue that: (1) they presented substantial evidence to establish that they are statutorily eligible for asylum and withholding of removal; (2) the IJ and the BIA committed error in concluding that the Ardeleanus were not credible; and (3) the BIA abused its discretion and committed error in affirming the IJ's conclusion that the Ardeleanus had failed to show extreme hardship, thus denying them relief under the NACARA.

This case is covered by the permanent provisions of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) because the removal proceedings began after April 1, 1997, the effective date of the act. *See Balogun v. United States Att'y Gen.*, 304 F.3d 1303, 1309 (11th Cir.2002). Under the permanent rules of the IIRIRA, findings of fact are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We review a decision denying asylum to determine whether it is supported by substantial evidence, and may not grant a petition for review merely because we would have decided the case differently. *See INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); *Mikhailevitch v. INS*, 146 F.3d 384, 388 (6th Cir.1998).

■ Upon review, we conclude that the petition for review must be denied. The BIA agreed with the IJ that Ion

* The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

Ardeleanu was not credible, citing his failure to list his arrest in his first application. The BIA also agreed with the IJ's assessment that, even if the Ardeleanus were both found to be credible, the mistreatment they suffered in Romania did not rise to the level of past persecution. The BIA concluded that the Ardeleanus presented insufficient evidence that they would be singled out and face severe beatings, torture, or death in the future. The record supports each of the BIA's findings. Most notably, the State Department reports in the record document that conditions in Romania have improved a great deal since the Ardeleanus left. Because the Ardeleanus did not establish eligibility for asylum, they did not meet the more difficult standard required for withholding of removal. *See INS v. Cardoza–Fonseca*, 480 U.S. 421, 431–32, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987).

We further conclude that we lack jurisdiction to review the BIA's decision to deny the Ardeleanus' request for cancellation of removal under the NACARA. *See Romero–Torres v. Ashcroft*, 327 F.3d 887, 892 (9th Cir.2003); *Valenzuela Alcantar v. INS*, 309 F.3d 946, 949–50 (6th Cir.2002).

For the foregoing reasons, we deny the petition for review.