# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1105

_____

Eseye Rikitu,                                    *
                                                 *
        Petitioner,                      *
                                                 *
                                                 *  Petition for Review of an
        v.                               *  Order of the Board of
                                                 *  Immigration Appeals.
John Ashcroft, Attorney General of the           *
United States of America,                        *       [UNPUBLISHED]
                                                 *
        Respondent.                      *

_____

Submitted: August 5, 2004
Filed: September 1, 2004

_____

Before MELLOY, LAY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Eseye Rikitu, a citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals ("BIA") summarily affirming an Immigration Judge's ("IJ's") denial of his application for asylum, withholding of removal, and suspension of deportation. After careful review of the record, we deny the petition.

In his application for relief, Rikitu claimed to have suffered past persecution due to his religious and political beliefs, as well as his Oromo ethnicity, and further stated that he feared future persecution on these same grounds if forced to return to Ethiopia. Rikitu also asserted that his deportation would result in an extreme

hardship to his young son, Cameron, a nonmarital child born in the United States. Following a hearing at which Rikitu and his brother testified, the IJ concluded that Rikitu failed to demonstrate either past persecution or a well-founded fear of future persecution on any protected basis. The IJ also concluded that Rikitu's separation from his son was an insufficient basis upon which to grant discretionary relief in the form of suspension of deportation.

On appeal, Rikitu contends that the IJ erred in finding that he failed to demonstrate his eligibility for either: (1) asylum and/or withholding of removal, or (2) suspension of deportation. We lack jurisdiction to entertain the latter challenge. See Martinez Ortiz v. Ashcroft, 361 F.3d 480, 481 (8th Cir. 2004) (holding that an IJ's discretionary decision that an alien would not suffer extreme hardship if deported is not subject to judicial review). With respect to the former, we find that the evidence of record was not such that a reasonable factfinder would be compelled to find Rikitu eligible for asylum or withholding of removal. See Habtemicael v. Ashcroft, 370 F.3d 774, 779 (8th Cir. 2004). Accordingly, the petition for review is denied.

We also note that during the pendency of this appeal, Rikitu has married a United States citizen and that his new wife has filed a Form I-130 Petition for Alien Relative on his behalf. In light of these developments, Rikitu has filed a motion before the BIA to reopen the proceedings in his case. Based upon the record, it appears that both his I-130 petition and his motion to reopen are presently awaiting decision. Although we express no opinion regarding the appropriate resolution of these matters, we hasten to add our hope that it will be an expeditious one.

_____