**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name:  10a0556n.06**

**No.  08-3898**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

**Aug 26, 2010**

LEONARD GREEN, Clerk

| | |
|---|---|
| CATARINA MANUEL-PEDRO, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) ON PETITION FOR REVIEW OF A |
| | ) FINAL DECISION OF THE UNITED |
| ERIC H. HOLDER, | ) S T A T E S   B O A R D   O F |
| | ) IMMIGRATION APPEALS |
| Respondent. | ) |
| | ) |
| | ) |
| | ) |

Before:        KEITH, BOGGS, and MCKEAGUE, Circuit Judges.

PER CURIAM.

Petitioner Catarina Manuel-Pedro ("Manuel-Pedro") seeks review of an order from the Board of Immigration Appeals ("BIA"), dismissing her appeal from the Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal, and cancellation of removal.  For the reasons that follow, we **AFFIRM**.

I.

Manuel-Pedro is a native and citizen of Guatemala.  She arrived in the United States in 1991 at the age of 14 with her husband, Hector Francisco-Pascual ("Pascual").  In Guatemala, her husband was drafted as a member of the civil patrol, which served as a civilian adjunct to the Guatemalan army during the country's civil war.  During this time, guerrilla rebels captured her husband and held

him for a period of four to five months. *Id.* While he was held captive by guerrillas, the civil patrol came to Manuel-Pedro's house to get information on his whereabouts from her. *Id.* When she was unable to give the patrol officers the information they sought, they beat her with the butt of a gun. *Id.* Upon her husband's return, the couple decided to leave Guatemala within four days, and did so. *Id.*

In August 1993, Manuel-Pedro affirmatively filed an application for asylum and withholding of removal with the former Immigration and Naturalization Service ("INS"). Her application was referred to the immigration court, and on March 16, 2006, the Department of Homeland Security ("DHS") initiated removal proceedings with the issuance of a Notice to Appear. The Notice to Appear alleged that Manuel-Pedro was subject to removal pursuant to 8 U.S.C. §1182(a)(6)(A)(i), as a non-citizen present in the United States without having been admitted or paroled.

During an April 12, 2006 hearing before an Immigration Judge ("IJ"), Manuel-Pedro admitted the factual allegations in the Notice to Appear, conceded removability, and indicated her intention to seek relief from removal in the forms of asylum, withholding of removal, and cancellation of removal. Later, Manuel-Pedro filed her cancellation of removal application with the immigration court, claiming that her removal would result in exceptional and extremely unusual hardship for her four United States citizen children.

On October 23, 2006, a hearing was held to adjudicate Manuel-Pedro's application for relief. At the close of that hearing, the IJ issued an oral decision, denying her claims for cancellation of removal, asylum, and withholding of removal, but granting her the privilege of voluntary departure with an alternate order of removal if she failed to depart. On November 20, 2006, Manuel-Pedro

filed a notice of appeal with the BIA challenging the IJ's decision. On June 30, 2008, the BIA dismissed her appeal. The BIA, however, reaffirmed the IJ's grant of voluntary departure and the alternate order of removal.

In the interim, this court affirmed the BIA's denial of Pascual's application for asylum on the grounds that he failed to establish that he was persecuted on account of imputed political opinion, and also on the grounds that his claim was precluded by changed country conditions. *Pascual v. Mukasey*, 514 F. 3d 483 (6th Cir. 2007). On July 23, 2008, Manuel-Pedro filed this petition for review.

II.

Judicial review of this issue is foreclosed by 8 U.S.C. §1252(a)(2)(B)(i), which specifically divests courts of jurisdiction to review administrative judgments pertaining to cancellation of removal claims. *See Santana-Albarran v. Ascroft*, 393 F.3d 699, 703 (6th Cir. 2005) (stating that §1252(a)(2)(B) "specifically divests jurisdiction of a court to review judgments regarding the granting of discretionary relief, including cancellation of removal"); *Valenzuela-Alcantar v. INS,* 309 F.3d 946, 949-50 (6th Cir. 2002) (holding that the administrative determination regarding hardship under the prior, less stringent, "suspension of deportation" standard is considered a discretionary issue not subject to judicial review). Accordingly, we lack jurisdiction to review the agency's denial of cancellation of removal.

While two recognized exceptions to the jurisdictional bar created by §1252(a)(2)(B) exist, neither applies in this case. First, Manuel-Pedro does not raise a colorable constitutional claim or question of law with respect to the cancellation of removal that would justify review of the BIA's

ruling on this issue. 8 U.S.C. §1252(a)(2)(D). Manuel-Pedro argues that she did not receive a fair hearing, and so was denied due process. However, the record does not support this argument. She was provided with notice of the hearing and attended it, and she had an adequate opportunity to explain her story and the basis of her claim during the hearing.

A second exception to the jurisdictional bar applies where the BIA ignores its own precedent when deciding the question of undue hardship. *See Aburto-Rocha v. Mukasey*, 535 F.3d 500, 503 (6th Cir. 2008) (holding that a claim was subject to judicial review because the BIA ignored its own precedent when deciding the hardship element of its cancellation of removal analysis). Manuel-Pedro argues that the BIA committed this error when it failed to cite *Matter of Recinas*, 23 I. & N. Dec. 467 (BIA 2002); however, it clearly did so on the first page of its opinion, distinguishing it from the present case.

Given the inapplicability of the exceptions to §1252(a)(2)(B), this court is without jurisdiction to review Manuel-Pedro's application for cancellation of removal.

### III.

Where the BIA affirms the IJ's asylum decision but adds comments of its own, this court reviews the decisions of both the IJ and the BIA. *See Gilaj v. Gonzales*, 408 F.3d 275, 283 (6th Cir. 2005). We may reverse the IJ and BIA's determination that Manuel-Pedro was ineligible for asylum only if "no reasonable factfinder could fail to find the requisite fear of persecution." *INS v. Elias-Zacarias,* 502 U.S. 478, 484 (1992); *see also* 8 U.S.C. §1252(b)(4)(B). The IJ and the BIA's determinations will be upheld if they are "'supported by reasonable, substantial, and probative evidence on the record considered as a whole,'" *Id.* at 481 (quoting 8 U.S.C. §1105a(a)(4)). This

4

court must affirm unless "the evidence not only supports a contrary conclusion, but indeed compels it." *Csekinek v. INS*, 391 F.3d 819, 821-22 (6th Cir. 2004) (internal quotation marks and citation omitted).

The Attorney General may grant asylum to a "refugee," defined as a non-citizen unwilling to return home "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. §1101(a)(42)(A). Applicants who establish that they have suffered past persecution are entitled to a presumption that they cannot return home based upon a well-founded fear of future persecution, but the government can rebut this presumption by establishing by a preponderance of the evidence that a "fundamental change in circumstances" in the country has undermined the "well-founded fear." 8 C.F.R. §1208.13(b)(1)(i)(A).

Manuel-Pedro described being injured by members of the civil patrol as they were looking for her husband. The IJ held that even if this injury qualified as past persecution sufficient to satisfy the statute, country conditions in Guatemala have changed fundamentally since then. Specifically, the Guatemalan civil war, which led to the violence, is over. *Id.* Also, the civil patrol which caused her harm has been disbanded. *See Pascual,* 514 F.3d at 485. These conclusions are supported by substantial evidence.

On appeal, Manuel-Pedro essentially repeats the same argument. She also argues that this court should adopt a standard of proof found in a case from the Second Circuit, which asks whether a reasonable person in the petitioner's situation would have a well-founded fear of persecution. *See Sotelo-Aquiji v. Slattery,* 17 F.3d 33, 37 (2d Cir. 1994). However, Manuel-Pedro's argument fails

5

under even the Second Circuit standard. In *Pascual*, this court held that it is unreasonable that any remaining fighters would ascribe a mistaken anti-government or anti-guerrilla political opinion to Manuel-Pedro's husband today, given that the civil war has been over for nearly fourteen years, and the government has disbanded the civil patrol. *Pascual*, 514 F.3d at 488. As Manuel-Pedro never indicated that the civil patrol members came to her house because of her own supposed political activity, but only that of her husband, the *Pascual* ruling is instructive. The government has thusly established by a preponderance of the evidence that a "fundamental change in circumstances" in the country has undermined the "well-founded fear." 8 C.F.R. §1208.13(b)(1)(i)(A).

As a result, Manuel-Pedro bears the burden of establishing that her fear is well-founded . *See* 8 C.F.R. §1208.13(b)(1). To that end, Manuel-Pedro makes several arguments tending to support the existence of a well-founded fear based on the existence of continued discrimination against Mayan people, and women generally, in Guatemala. She also argues that she will face reprisal from her own people because she fled during the rebellion instead of "taking up the cause and fighting against the government." However, even if she is correct, this court has held that "persecution does not encompass all treatment, including discrimination, that our society regards as unfair, unjust, or even unlawful or unconstitutional. If persecution was defined that expansively, a significant percentage of the world's population would qualify for asylum in this country." *Lumaj v. Gonzales,* 462 F.3d 574, 577 (6th Cir. 2006). *See also Mikhailevitch v. INS*, 146 F. 3d 384, 389 (6th Cir. 1998).

To prevail on her claim, the government, or persons that the government is unable or unwilling to control, must be the source of any persecution that Manuel-Pedro fears. *See Pilica v. Ashcroft,* 388 F.3d 941, 950-51 (6th Cir. 2004). Neither Manuel-Pedro nor her husband were able

to establish that the government's current practices towards Mayans, or the possibility of retribution by Mayans against other Mayans, was sufficient to warrant a well-founded fear. *Pascual*, 514 F.3d at 488. Also, while the use of gender-specific violence against women during the civil war as an instrument of terror was horrific, conditions changed after the war and it is not a pattern or practice that enjoys government consent today, tacit or otherwise. According to the 2006 United States State Department report included in the record, the Guatemalan constitution asserts the principle of gender equity, and the penal code defines rape and aggravated rape as crimes punishable by 6 to 50 years of imprisonment. Manuel-Pedro is unable to prove persecution on the grounds she proffers, particularly not to the compelling degree that would be necessary to reverse the rulings.

In order for Manuel-Pedro to establish grounds for withholding of removal, she must show that there is a clear probability that if she returns to her home country she will be persecuted on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. §1231(b)(3). The burden of proof for withholding of removal is more exacting than that for asylum. *See Mikhailevitch*, 146 F.3d at 391. As Manuel-Pedro does not qualify for asylum, she cannot meet the higher standard for withholding of removal.

IV.

For the forgoing reasons, we **DENY** the petition for review, and **AFFIRM** the determinations of the United States Board of Immigration Appeals.