NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0669n.06

No. 11-3830

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

ANA JULIA GAVIDIA,

     Petitioner,

v.

ERIC H. HOLDER, JR., Attorney General,

     Respondent.

)
)
)
)
)
)
)
)
)
)
)

**FILED**

*Jun 21, 2012*

LEONARD GREEN, Clerk

ON PETITION FOR REVIEW
FROM A FINAL ORDER OF THE
BOARD OF IMMIGRATION
APPEALS

Before: MARTIN and CLAY, Circuit Judges; HOOD, District Judge.[*]

PER CURIAM. Ana Julia Gavidia, a native and citizen of El Salvador, petitions for review of a decision of the Board of Immigrations Appeals (BIA) that affirmed an immigration judge's (IJ) denial of her applications for cancellation of removal, asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

In 1993, Gavidia entered the United States without authorization and traveled to Cleveland, Ohio, to live with her future husband, Alejandro Rosa Cruz. In July 1994, Gavidia filed an application for asylum, withholding of removal, and relief under CAT. Cruz became a permanent legal resident in 2006. Gavidia and Cruz married in 2009.

In May 2008, the Department of Homeland Security initiated removal proceedings against Gavidia by issuing her a Notice to Appear. At a hearing on January 6, 2010, Gavidia conceded

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

removability. She renewed the asylum application she had filed in 1994 and requested withholding of removal, relief under CAT, and cancellation of removal. A removal hearing was conducted on July 26, 2010. After the hearing, the IJ denied Gavidia relief and ordered her removal to El Salvador. Gavidia appealed to the BIA, challenging only the denial of her application for cancellation of removal. The BIA agreed with the IJ's conclusions and dismissed Gavidia's appeal.

In her petition for review, Gavidia continues to argue that she was entitled to a cancellation of removal.

An immigrant is eligible for cancellation of removal if he or she: (1) "has been physically present in the United States for a continuous period of not less than 10 years"; (2) "has been a person of good moral character during such period"; (3) has not been convicted of certain criminal offenses; and (4) "establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1)(A)–(D). The Attorney General has discretion to deny relief even if the applicant satisfies all four elements. *See Santana-Albarran v. Ashcroft*, 393 F.3d 699, 702 (6th Cir. 2005).

Judicial review of discretionary determinations regarding cancellation of removal is barred by 8 U.S.C. § 1252(a)(2)(B)(i). Section 1252(a)(2)(B)(ii) further bars judicial review of discretionary determinations with respect to a finding of the lack of an exceptional and extremely unusual hardship. *See Aburto-Rocha v. Mukasey*, 535 F.3d 500, 502–03 (6th Cir. 2008). Despite these jurisdictional bars, we retain jurisdiction to review constitutional claims, 8 U.S.C. § 1252(a)(2)(D), and claims that the BIA disregarded its own precedents in making a hardship determination. *Id*.

The IJ found that Gavidia satisfied the first three elements for cancellation of removal but failed to satisfy the fourth. Gavidia argues that the IJ and the BIA improperly weighed the evidence regarding the impact her removal would have on her husband. She complains that the IJ and the BIA

"merely glossed over" both the economic impact and the "emotional devastation" Cruz would suffer due to Gavidia's removal. Because Gavidia essentially challenges the IJ's assessment of the evidence, we lack jurisdiction to entertain her argument. *See Valenzuela-Alcantar v. INS*, 309 F.3d 946, 949–50 (6th Cir. 2002).

Gavidia insists that the BIA disregarded its precedent and her attempt to liken her case to *In re Recinas*, 23 I. & N. Dec. 467 (BIA 2002), is unavailing. *Recinas* is factually inapposite to Gavidia's case.

The petition for review is denied.