**Kamal Mohamad MUSTAFA, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 02–3986.**

United States Court of Appeals, Sixth Circuit.

Feb. 12, 2004.

---

David K. Wenger, Detroit, MI, for Petitioner.

Anthony W. Norwood, Virginia M. Lum, U.S. Department of Justice, Washington, DC, for Respondent.

Before NORRIS, GILMAN, and ROGERS, Circuit Judges.

## ORDER

Kamal Mohamad Mustafa, a native and citizen of Lebanon, petitions for review of the Board of Immigration Appeals's (BIA) decision to deny his motion to reopen his deportation proceeding. The parties are represented by counsel and have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Mustafa entered the United States in November 1987 as a conditional permanent resident. His residence status was based upon his June 1987 marriage to a United States citizen. *See* 8 U.S.C. § 1186a.

Mustafa's marriage ended in November 1988. In August 1989, he applied for a discretionary waiver of the requirement to file a joint petition on the basis that his marriage was in good faith and that his removal would result in extreme hardship. *See* 8 U.S.C. § 1186a(c)(4)(A), (B). The Immigration and Naturalization Service (INS) denied the waiver. An Immigration Judge (IJ) held a hearing in September 1990, found that Mustafa's marriage was in good faith, and granted him a waiver. The INS appealed to the BIA. Mustafa married for a second time in September 1993, again to a United States citizen.

The BIA reversed the IJ's decision that Mustafa's first marriage was in good faith and remanded the matter for the IJ to consider Mustafa's request for a waiver under the extreme hardship provision. The IJ held a hearing in October 1996 and found that Mustafa was not entitled to a waiver, but granted Mustafa voluntary departure. Mustafa appealed, and the BIA upheld the IJ's decision in February 2002. Mustafa moved to reopen the BIA's decision. He asked the BIA to consider new evidence that his deportation to Lebanon would impose an extreme hardship on him and his family. The BIA denied the motion, and Mustafa filed a timely petition for review.

In his petition for review, Mustafa argues that: (1) the BIA erred in denying his motion to reopen on the grounds that the evidence submitted was not previously available; and (2) the evidence submitted constituted extreme hardship such that a waiver of the joint petition to remove the conditions of his legal residence should have been granted.

Mustafa's argument that he should have been granted a waiver on the basis of extreme hardship is without merit. We note first that, although the Government does not raise the issue, the BIA's under-

lying decision is not subject to judicial review. The transitional rules for judicial review under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 apply to this petition because the administrative proceeding was commenced before April 1, 1997, and the BIA's order was issued after October 31, 1996. *See Valenzuela Alcantar v. INS*, 309 F.3d 946, 948 (6th Cir.2002). Under the transitional rules, an IJ's determination of the "extreme hardship" issue is discretionary and not subject to judicial review. *Id.* at 949–50. The statute at issue here provides that the Attorney General has discretion to remove the conditional basis of the permanent resident status if the alien demonstrates that extreme hardship would result if he is deported. *See* 8 U.S.C. § 1186a(c)(4)(A). Accordingly, judicial review of the BIA's ruling on Mustafa's extreme hardship claim is not available. Even if it were, we are unable to conclude, based on the evidence relied upon in this appeal, that the BIA abused its discretion in determining that Mustafa would not suffer extreme hardship if returned to Lebanon.

Because we lack jurisdiction to review the waiver, we also lack jurisdiction to review the denial of the motion to reopen. "It is axiomatic that if we are divested of jurisdiction to review an original determination by the [BIA] that an alien has failed to establish that he would suffer extreme hardship if deported, we must also be divested of jurisdiction to review the [BIA's] denial of a motion to reopen on the ground that the alien has still failed to establish such hardship." *Rodriguez v. Ashcroft*, 253 F.3d 797, 800 (5th Cir.2001).

For the foregoing reasons, we deny the petition for review.