**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0684n.06

Nos. 10-4391/11-3535

<table>
<tr><td>UNITED STATES COURT OF APPEALS<br>FOR THE SIXTH CIRCUIT</td><td></td><td>**FILED**<br>***Jun 28, 2012***<br>LEONARD GREEN, Clerk</td></tr>
</table>

| | | |
|---|---|---|
| RIHAM JAMIL AWDI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITIONS FOR REVIEW |
| v. | ) | OF ORDERS OF THE UNITED |
| | ) | STATES BOARD OF |
| ERIC H. HOLDER, JR. Attorney General, | ) | IMMIGRATION APPEALS |
| | ) | |
| Respondent. | ) | |
| | ) | |

BEFORE: ROGERS and GRIFFIN, Circuit Judges; HOOD, District Judge.[*]

PER CURIAM. Riham Jamil Awdi, a citizen of Lebanon, petitions for review of two orders of the Board of Immigration Appeals (BIA). In the first, the BIA dismissed her appeal from a decision of an immigration judge (IJ) denying her applications for asylum, withholding of removal, protection under the Convention Against Torture (CAT), and cancellation of removal. In the second, the BIA denied her motion to reopen the cancellation of removal proceedings. The two cases have been consolidated for submission.

Awdi entered this country in 1993, when she was thirteen years old. She was eventually placed in removal proceedings, and she requested the above relief. She claimed to fear persecution or torture by Hezbollah if removed to Lebanon because she is a Sunni Muslim and is "Americanized." She also claimed that her two American citizen children would experience

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

exceptional hardship if she were removed because they would accompany her and would be targets for terrorists as American citizens, and she would have no support to help care for the children if she were hospitalized for her chronic kidney stones. The IJ denied all relief, and the BIA dismissed her appeal. Awdi moved to reopen, submitting additional evidence in support of her request for cancellation of removal, specifically evidence that she had a third child, she continued to suffer from chronic kidney stones, and the Department of State advised against Americans traveling to Lebanon. The BIA denied the motion. In her briefs before this court, Awdi reasserts each of her claims to relief. She also argues that she was denied due process when she received an unsigned copy of the IJ's decision and had her appeal dismissed by a single member of the BIA rather than a panel.

Awdi's application for asylum was denied both because it was untimely and on the merits. We lack jurisdiction to review an asylum application denied for untimeliness "when the appeal seeks review of discretionary or factual questions." *Almuhtaseb v. Gonzales*, 453 F.3d 743, 748 (6th Cir. 2006). Even if this were not fatal to her claim for asylum, review of the record on the merits does not compel a conclusion that Awdi established the requisite fear of persecution. *See Ouda v. INS*, 324 F.3d 445, 451 (6th Cir. 2003). Awdi's family was never persecuted while in Lebanon, and her assertion that she will be targeted because of her "Americanization" is based on little more than speculation. She simply presented no specific evidence supporting a reasonable fear of persecution. *See Klawitter v. INS*, 970 F.2d 149, 153 (6th Cir. 1992). Because Awdi failed to meet the burden of proof for her asylum claim, she necessarily failed to meet the higher burden to qualify for withholding of removal. *Zhao v. Holder*, 569 F.3d 238, 246 n.10 (6th Cir. 2009). Her claim for protection under the CAT also necessarily fails, *Ben Hamida v. Gonzales*, 478 F.3d 734, 741-42 (6th

Cir. 2007), as she did not show that it was more likely than not that she would be tortured. *Pilica v. Ashcroft*, 388 F.3d 941, 951 (6th Cir. 2004).

We lack jurisdiction to review the denial of Awdi's request for cancellation of removal, where she argues that the BIA erred in finding that her children would not suffer exceptional hardship due to her removal. *Hasan v. Holder*, 673 F.3d 26, 32-33 (1st Cir. 2012); *Ettienne v. Holder*, 659 F.3d 513, 517-18 (6th Cir. 2011). Awdi's reliance on *Pareja v. Attorney General*, 615 F.3d 180 (3d Cir. 2010), is unavailing, as that case involved a determination of whether the BIA applied an incorrect legal standard. Here, the correct standard was applied, and Awdi merely disagrees with the outcome. Awdi's further claim that the BIA departed from its own precedent is merely an attempt to have us reweigh the hardship factors—an exercise that we are jurisdictionally barred from undertaking. *See Ettienne*, 659 F.3d at 517.

As her final issue in Case No. 10-4391, Awdi contends that she was denied due process because she received an unsigned copy of the IJ's decision and a single member of the BIA, rather than a panel, dismissed her appeal. However, she failed to show that there was any fundamental unfairness that prevented her from presenting her case. *Hassan v. Gonzales*, 403 F.3d 429, 436 (6th Cir. 2005). The BIA granted her an extension of time and sent her an unchanged, signed copy of the IJ's decision. She also showed no prejudice from the denial of a panel decision, which was consistent with the BIA's regulations. *See* 8 C.F.R. § 1003.1(e)(6).

We dismiss Case No. 11-3535, in which Awdi appeals the denial of her motion to reopen, for lack of jurisdiction because Awdi is again seeking review of the merits of the denial of her request for cancellation of removal. *See Calma v. Holder*, 663 F.3d 868, 877 (7th Cir. 2011); *Mustafa v. INS*, 88 F. App'x 86, 88 (6th Cir. 2004). Moreover, the evidence submitted with her

motion to reopen did not show worsened conditions. *See Pllumi v. Attorney Gen. of United States*, 642 F.3d 155, 161 (3d Cir. 2011). Awdi showed only that she had another child, she continued to suffer from chronic kidney stones, and conditions in Lebanon remained generally unsafe. To the extent Awdi now argues that this evidence supported remanding of her asylum claim, she never made this argument to the BIA and we lack jurisdiction to review it. *See Hasan v. Ashcroft*, 397 F.3d 417, 419-20 (6th Cir. 2005).

Accordingly, we deny Awdi's petition for review of the denial of her claims for withholding of removal and protection under the CAT, and we dismiss her petition for review of the denial of her claims for asylum and cancellation of removal, and the denial of her motion to reopen the cancellation proceeding.